IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANTHONY LAMONT WILLIAMS,      *
        Petitioner,
v.      * CIVIL ACTION NO. JFM-04-1708

ROBERT KUPEC, WARDEN      *
        Respondent.
                       ******

**<u>MEMORANDUM</u>**

Now pending before the court is Anthony Lamont Williams's 28 U.S.C. § 2254 Petition for writ of habeas corpus attacking his convictions and sentences imposed in the Circuit Court for Queen Anne's County; Respondent's Answer thereto; and Petitioner's Traverse.[1]  Paper Nos. 1, 20, & 29.  After review, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. § 2254(d) & (e)(2).  For reasons to follow, the Petition is hereby denied and dismissed with prejudice.

**I. Procedural History**

On April 2, 2001, Petitioner appeared without counsel before Judge John Clark III in the District Court for Queen Anne's County on motor vehicle and theft charges.[2]  Paper No. 20, Ex. 3.  Petitioner was advised of the charges and of his attorney waiver right and, based upon Petitioner's comments, a postponement was granted to allow him to retain private counsel. *Id*.  A May 18, 2001 trial date was scheduled. *Id*.  On May 18, 2001, however, Petitioner appeared before Judge Clark indicating that he

---

[1] The Traverse is accompanied by the criminal statement of charges and probable cause; Petitioner's medical records; property ownership documents; and correspondence to the University of Maryland Law Clinic. Paper No. 29.

[2] Petitioner's initial appearance in the District Court occurred in December of 2000.  Paper No. 20, Ex. 5 at 2.

wished to proceed without counsel and to pray a jury trial on the charges. *Id*., Ex. 4. Petitioner appeared before Circuit Court Judge John W. Sause Jr. without counsel on July 19, 2001. *Id*., Ex. 5. Judge Sause concluded that Petitioner had waived his right to counsel. *Id*. Petitioner indicated his wish to plead guilty to driving a motor vehicle on a suspended license and to theft over $500.00.[3] *Id*. In return for the plea, misdemeanor theft, forgery, uttering charges in one case, and a charge of theft of less than $500.00 in another case were nol prossed. *Id*., Ex. 5 at 4-6. Judge Sause conducted a colloquy and accepted the guilty plea. *Id*., Ex. 5 at 5-21.

On September 7, 2001, Petitioner appeared for sentencing without counsel. *Id*., Ex. 6. The proceeding was continued for later that day so that Petitioner could review the pre-sentence investigation report in the courtroom. *Id*. Petitioner, however, left the courtroom and did not return, resulting in Judge Sause issuing a bench warrant. *Id*., Exs. 1 & 2. On October 4, 2001, he appeared for sentencing with counsel and moved to withdraw the guilty plea. *Id*., Ex. 7. Judge Sause denied the request to withdraw the plea and sentenced Petitioner to a 15-year term for felony theft and a consecutive 1-year term for driving on a suspended license. *Id*., Ex. 7 at 17. (*Id*., Ex. 9 at 1-2).

Petitioner filed applications for leave to appeal. He raised the following grounds for review in his original and supplemental applications:

1. He was denied his right to counsel and a fair trial;[4]

---

[3] According to the statement of facts, Petitioner impermissibly took scaffolding material in the form of a thirty-two foot, twenty-eight inch aluminum walk pick and six, thirty-two foot aluminum safety rails from a property on Dells Road Avenue in Grasonville, Maryland. Paper No. 20, Ex. 5 at 11 & 19. In the statement of probable cause, the owner indicated that the value of the items was about $1,000.00. Paper No. 29, Ex. 1. The motor vehicle count involved a charge that on December 21, 2000, Petitioner was found to be driving a vehicle while on a suspended driver's license. Paper No. 20, Ex. 5 at 20.

[4] In his original application for leave to appeal, filed by the Office of the Public Defender, Petitioner argued that: (i) he unknowingly waived his right to proceed in the district court; (ii) the district court judge did

    2.       The State's Attorney unduly influenced his decision to enter into a plea agreement;

    3.       Judge Sause abused his discretion by: (i) refusing to allow Petitioner to withdraw his guilty plea; (ii) refusing to permit Petitioner to review plea transcripts; and (iii) finding that Petitioner had waived his right to counsel at trial and sentencing without giving Petitioner the benefit of a full explanation;

    4.       Judge Sause abused his sentencing power by imposing an excessive term under the Eighth Amendment;

    5.       The State's Attorney failed to provide Petitioner notice of pre-trial motions, witnesses, and criminal trial scheduling, thus gaining an advantage over the pro se Petitioner and enabling the State to "choke a plea" out of Petitioner;

    6.       The State's Attorney improperly argued for a $1,000.00 restitution portion of the sentence;

    7.       His guilty plea was involuntary because: (i) he did not receive the benefit of the plea; (ii) he waived his right to trial without knowing that a jury trial was not his only option; and (iii) the sentencing judge's colloquy was very confusing and incomplete;

    8.       He elected to move his case to the circuit court for jury trial without questioning or proper inquiry by the hearing judge;

    9.       His due process rights were violated when his case was moved to the circuit court for trial without at least one appearance in open court prior to trial; and

    10.      There was no factual basis for a plea to theft over $500.00 because the State failed to offer proof of any monetary value of the victim's property.

Paper No. 20, Exs. 8 & 9.

On January 15, 2002, the Court of Special Appeals of Maryland directed the Office of the Attorney General to address Petitioner's claim that Judge Sause had failed to comply with Maryland Rule 4-215 when finding that Petitioner had waived his right to counsel by inaction. *Id*., Ex. 10. Subsequent to the State's court-ordered response, the Court of Special Appeals denied the application for leave to appeal without comment. *Id*., Exs. 11 & 12.

---

not advise him that his appearance in the circuit court without an attorney would constitute a wavier of his right to counsel; (iii) he did not have an initial appearance in the circuit court in order to advise him to obtain counsel; (iv) he mistakenly believed that he was pleading guilty to theft under $500.00 because he was confused about the counts; and (v) the circuit court judge improperly denied his motion to withdraw his guilty plea.   Paper No. 8.

On September 25, 2002 and June 2, 2003, Petitioner filed original and supplemental petitions for post-conviction review in the Circuit Court for Queen Anne's County. Paper No. 20, Exs. 13 & 14. Petitioner's original post-conviction petition primarily focused on the grounds raised in his supplemental application on direct appeal. *Id.*, Exs. 9 & 13. He additionally claimed, however, that (i) Judge Sause was without authority to sentence him to a term in the Maryland Division of Correction ("DOC") of not over twelve months; and (ii) the cumulative effects of the alleged errors warranted a new trial. *Id*, Ex. 13 at 8, § j. In his supplemental post-conviction action, Petitioner reiterated a number of grounds previously articulated on direct appeal or in his first collateral review petition and raised additional claims of: (i) ineffective assistance of counsel at sentencing; (ii) involuntariness of the plea and jury trial waiver; (iii) sentencing error; and (iv) improper district court waiver of trial and jury trial elections. *Id.*, Ex. 14 at 2-6.

On August 29, 2003, Petitioner appeared before Circuit Court Judge Richard Eli Jackson for purposes of a post-conviction hearing. *Id.*, Ex. 15. At the conclusion of the hearing, Judge Jackson orally denied post-conviction relief. *Id*. He found that the mere fact that the prosecutor did not mention the value of the property in his statement of facts did not make the plea deficient; that the record showed an adequate inquiry by the courts regarding the waiver of counsel and jury trial; and that counsel's representation at sentencing was adequate. *Id*. Judge Jackson also concluded that pre-trial issues regarding discovery were waived by the plea and that there was no error in sentencing. *Id*. Petitioner's applications for leave to appeal were denied by the Court of Special Appeals on March 16, 2004. *Id.*, Exs. 17-20.

Petitioner filed this § 2254 Petition on or about May 25, 2004, raising the following grounds:

A. There was insufficient evidence to support his 15-year sentence on felony theft;

B. His waiver of counsel was defective under Maryland Rule 4-215;

C. Counsel was ineffective at sentencing;

4

D. His plea was not voluntarily given;

E. His waiver of jury trial was not voluntary under Maryland Rule 4-262(b);

F. His sentence was imposed on impermissible considerations;

G. The State's Attorney violated due process and Maryland Rule 4-263 when he failed to comply with discovery obligations;

H. His one-year consecutive sentence is illegal because he cannot be sentenced to the DOC for a term less than one year and one day; and

I. His waiver of trial and jury election was not knowingly, voluntarily, and intelligently made.

Paper No. 1, 6-11.

## II. Threshold Considerations

### A. Exhaustion of State Remedies

Before a petitioner may seek habeas relief in federal court, he must exhaust each claim presented to the federal court by pursuing remedies available in state court. This exhaustion requirement is satisfied by "fairly presenting" the claims in each state court so as to obtain review in the highest state court with jurisdiction to consider the claims. *See* 28 U.S.C. §2254(b) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842-49 (1999); *Gray v. Netherland*, 518 U.S. 152, 161-65 (1996); *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Respondents correctly assert that the Petition is not subject to dismissal for the failure to exhaust, not because Petitioner has presented all of his instant claims to all appropriate state courts, but because Petitioner no longer has direct appeal or post-conviction remedies available in connection with the claims raised before this Court.

### B. Statute of Limitations

There is no contention that the Petition is time-barred pursuant to 28 U.S.C. §2244(d).

**C. Procedural Default**

Where a petitioner has failed to present a claim to the highest state court with jurisdiction to hear it, whether it be by failing to raise the claim in post conviction proceedings or on direct appeal, or by failing to timely note an appeal, the procedural default doctrine applies. *See Coleman v. Thompson*, 501 U. S. at 749-50 (failure to note timely appeal); *Murray v. Carrier*, 477 U. S. 478, 489-91 (1986) (failure to raise claim on direct appeal); *Murch v. Mottram*, 409 U. S. 41, 46 (1972) (failure to raise claim during post conviction); *Bradley v. Davis*, 551 F. Supp. 479, 481 (D. Md. 1982) (failure to seek leave to appeal denial of post conviction relief). A procedural default also may occur where a state court declines "to consider the merits [of a claim] on the basis of an adequate and independent state procedural rule." *Yeatts v. Angelone*, 166 F.3d 255, 260 (4th Cir. 1999).

The procedural default doctrine bars consideration of a claim in a petition for habeas corpus absent a showing of cause and prejudice or actual innocence. *See Murray v. Carrier*, 477 U. S. at 495; *Wainwright v. Sykes*, 433 U.S. 72, 86 (1977). Even where a petitioner fails to show cause and prejudice for a procedural default, a court must still consider whether it should reach the merits of a petitioner's claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U. S. 298, 314 (1995).

**D. Standard of Review**

Because this Petition was filed after April 24, 1996, it is to be decided under amendments to the habeas corpus statutes contained in the Antiterrorism and Effective Death Penalty Act ("AEDPA"). *See Woodford v. Garceau*, 123 S.Ct. 1398 (2003); *Beck v. Angelone*, 261 F.3d 377, 380 n.3 (4th Cir. 2001). The AEDPA modified the federal court's role in habeas proceedings in order to prevent federal "retrials" and to ensure that state court convictions are given effect to the extent possible under law. *See*

*Bell v. Cone*, 535 U.S. 685, 693 (2002). Pursuant to statute, a federal court may not grant a writ of habeas corpus unless the state's adjudication on the merits:

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Section 2254(d) is a "highly deferential standard for evaluating state-court rulings," *Lindh v. Murphy*, 521 U.S. 320, 333, n.7 (1997), "which demands that state court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (*per curium*). In *Williams v. Taylor*, 529 U.S. 362 (2000), Justice O'Connor explained that a state court decision is "contrary to" clearly established federal law, when "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id*. at 412-413. A state court decision is based on an "unreasonable application" of clearly established federal law when "the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id*. at 409-410.

Further, federal courts must give great deference to a state court's factual findings. *See Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Section 2254(e)(1) provides that a determination of a factual issue made by a state court shall be presumed to be correct absent clear and convincing evidence

to the contrary. The applicant has the burden of rebutting the presumption of correctness. A decision adjudicated on the merits in a state court and based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding. *See Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

### III. PETITIONER'S CLAIMS

**Voluntariness of District Court Waiver, Plea, and Jury Waiver**

**A. Insufficient Factual Basis to Support Plea to Felony Theft**
**D. Voluntariness of the Plea**
**E. Voluntariness of waiver of jury trial**
**I. Involuntary Waiver of District Court Trial**

Petitioner claims that the factual record before Judge Sause was insufficient to accept the guilty plea to felony theft.[5] He additionally alleges that Judge Sause failed to provide him proper and adequate advice and information regarding standards of proof and presumptions of innocence during the plea litany and he was pressured into taking the plea. Petitioner further complains that there was an insufficient inquiry of his waiver to a jury trial.

The court has read the record, including but not limited to the transcript of the district and circuit court hearings, and finds no basis to overturn Judge Jackson's decision as to these issues. After presenting an overview of the standards of review for determining the voluntariness of the plea and jury waiver, Judge Jackson offered the following opinion:

---

[5] In his Traverse, Petitioner claims that while the plea litany shows he acknowledged his plea to theft of goods over $500.00, the litany fails to establish he admitted the value of the stolen goods. Paper No. 29 at 11.

Now, with that guidance, I went back to the transcript again and I read it frontwards and backwards on that issue. And at page 11, Judge Sause is in the middle of the guilty plea litany, and I will say that it's my conclusion that he did adequately explain the right to a trial and right to trial by jury and the other aspects that he's giving up. And including I heard the testimony today from the petitioner about the burden of proof and so forth. On page 8, he specifically refers to the fact that the fact finder would have to find that you are guilty beyond a reasonable doubt. I mean, he told him what the burden of proof was. So my finding is that it was adequate as far as other rights that he had to explain.

Then on page 11, he says the Court: All right. Now let's go back to talk about these charges. In the one case, number 5158 Mr. Molero (sic) indicates that you are going to plead guilty to the charge of felony theft. Is that correct? The defendant says yes. The Court: The one that, the one's that alleged here in that regard is that you stole a thirty-two foot, twenty-eight inch aluminum walk pick. For the life of me, I can't tell you what that is.

Mr. Williams referred to the fact that the judge didn't know what [it] was. And six, thirty-two foot aluminum safety rails from Charles Miller, sir, which had a value of more than $500.00. Do you understand that. And then there is a colloquy between the defendant and the Court about whether or not the defendant is attempting to steal or did steal it and Judge Sause goes into the concept of asportation. And so forth.

After he explains the concept of ASPORTATION, he says does that answer your question. The defendant says, yes. And the Court says and you understand that's what you're pleading guilty to in number 5158. And the defendant says yes. And the Court says that is a felony, sir, which has an effect on your right to vote.

In fact, it takes away your right to vote if you are convicted of it. It also carries with it a possible sentence of fifteen years or a fine of $1,000.00. Do you understand that. Yes.

Now, later after the Court goes, it finished the guilty plea litany, the Court asked the Assistant State's Attorney for a statement of facts and he gives a statement of facts which does not mention value.

Now, I will tell you at first blush I thought that, based on my experience that, because of the Assistant State's Attorney didn't mention value in the statement of facts that there was a deficiency in terms of the plea because the value was not stated.

After reading Thorton and learning actually to my surprise that the Court can do that in any one of three ways, it's my finding that Judge Sause essentially got that information from the defendant. And he did it in a colloquy which made clear two things. He was pleading guilty to stealing property having a value of more than $500, and he was pleading guilty to a felony theft carrying a maximum penalty of 15 years in jail.

For him to represent today that he did not understand that he was pleading guilty to grand theft and not petty theft, just doesn't bear scrutiny, just doesn't match up with the transcript.

9

> So I find the plea is not deficient in that respect and it's also not deficient in terms of a mistake on his part.

Paper No. 20, Ex. 15 at 4-6.

The transcripts before the court support Judge Jackson's post-conviction findings. While the plea colloquy was not a model of organization, Judge Sause's extended litany was more than adequate to convey to Petitioner what rights he was giving up, including his right to a jury trial, and to inform Petitioner that he was pleading guilty to felony, not misdemeanor, theft. *See Godinez v. Moran*, 509 U.S. 389, 396-97 (1993); *Parke v. Raley*, 506 U.S. 20, 28 (1992); *Burket v. Angelone*, 208 F.3d 172, 190 & 191-95 (4th Cir. 2000). *Sargent v. Waters*, 71 F.3d 158, 160 (4th Cir. 1995). The court sees no reason to overturn the post-conviction ruling and concludes that Judge Jackson's decision did not unreasonably apply settled Supreme Court precedent or involve factual findings which lacked even fair support in the record. *See* 28 U.S.C. §§ 2254(d) & (e).

Petitioner further contends that his District Court waiver was not voluntary because District Court Judge Clark did not conduct a sufficient examination as to Petitioner's request for a jury trial. Respondent claims in a somewhat conclusory manner that this issue is defaulted because it was not raised in all appropriate courts. The issue was, however, raised on direct appeal and on post-conviction review. Nonetheless, the court finds no merit to this issue. First, prior to his entering a guilty plea in the Circuit Court for Queen Anne's County, Petitioner was again informed of his right to proceed by either court or jury trial. He voluntarily chose to plead guilty to felony theft and driving on a suspended license. Paper No. 20, Ex. 5 at 5-16. Second, while a defendant has a fundamental right to be tried by a jury and a waiver of that right should be properly determined by the trial judge, *see Hoffman v. Leeke*, 903 F.2d 280, 288 (4th Cir. 1990) (waiver of fundamental right requires court inquiry to determine whether waiver

is voluntary), this court knows of no Sixth Amendment right to have a voluntariness inquiry conducted when a Maryland district court defendant prays a jury trial, resulting in the removal of his case to the circuit court.

### B. Defective Waiver of Counsel

Petitioner complains that Judge Sause failed to comply with the provisions of Maryland Rule 4-215(d)[6] when it ruled that Petitioner waived his right to an attorney by inaction.

Claims based on violations of state law or procedure that do not constitute an infringement of a specific constitutional protection or fundamental fairness are not cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-75 (1991). In this case, Petitioner has failed to identify any constitutional provision on which he bases this claim.[7] Petitioner was similarly silent on direct and collateral review. *See* Paper No. 20, Exs. 8, 9, 13, & 14. Further, the decisions of the Maryland courts are supported by Maryland state law. The Supreme Court has recognized that "it is not within the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle*, 502 U.S. at 67-68; *see also Spencer v. Murray*, 5 F.3d 758, 762 (4th Cir. 1994) (stating absent circumstances infringing a specific constitutional protection admissibility of evidence does not present a federal question).

---

[6] Maryland Rule 4-215(d) provides that if a defendant appears in circuit court without counsel on the date set for hearing or trial, indicates a desire to have counsel, and the record shows compliance with section (a) of this Rule, either in a previous appearance in the circuit court or in an appearance in the district court in a case in which the defendant demanded a jury trial, the court shall permit the defendant to explain the appearance without counsel. If the court finds that there is a meritorious reason for the defendant's appearance without counsel, the court shall continue the action to a later time and advise the defendant that if counsel does not enter an appearance by that time, the action will proceed to trial with the defendant unrepresented by counsel. If the court finds that there is no meritorious reason for the defendant's appearance without counsel, the court may determine that the defendant has waived counsel by failing or refusing to obtain counsel and may proceed with the hearing or trial. Under Maryland law, the rule requires the trial court to permit a defendant to explain why he or she has appeared without counsel and to determine whether, considering the explanation, the defendant has a meritorious reason for appearing without counsel. *Moore v. State*, 331 Md. 179, 185 (1993).

[7] In his Traverse, Petitioner makes an "eleventh hour," conclusory Sixth Amendment reference to this ground, but again focuses on the violation of Maryland Rule 4-215. Paper No. 29.

Consequently, Petitioner has failed to state a cognizable claim for federal collateral relief on this ground.[8] *See* 28 U.S.C. §2254(a).

### C. Ineffective Assistance of Counsel

Petitioner claims that Public Defender Lance Richardson provided him ineffective assistance at sentencing.[9] To establish a claim of ineffective assistance of counsel, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness" and "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Roe v. Flores-Ortega*, 120 S.Ct. 1029 (2000). With regard to the first prong of this test, this court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Strickland*, 466 U.S. at 690. All circumstances are to be considered, and this court's scrutiny of counsel's conduct must be "highly deferential." *Id*. at 688-89. Even if counsel committed a professionally unreasonable error, relief can be granted only if "counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *See Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). In the context of a guilty plea, in order to satisfy this latter "prejudice" component, the defendant

---

[8] Moreover, in his post-conviction ruling Judge Jackson concluded that the trial court complied with Maryland Rules prior to determining that Petitioner had, through his own inaction over the preceding eight months, affirmatively waived his right to counsel. Paper No. 20, Ex. 15 at 6-10.

[9] Petitioner claims that counsel: (i) made a motion to withdraw the guilty plea without first obtaining the prior transcripts; (ii) failed to interview and present mitigating evidence from witnesses related to Petitioner's authorization to remove the aluminum materials; (iii) failed to call witnesses to support Petitioner's substance abuse treatment; (iv) failed to investigate Petitioner's "social history" and prior criminal history; (v) failed to read and review with Petitioner the pre-sentence report and was unaware of errors in the report until the problems came to light at the sentencing hearing; (vi) failed to argue a lack of a factual basis to determine the value of the stolen property; and (vii) failed to object to the imposition of the one-year consecutive sentence to the DOC. Paper No. 1 at 7-9.

must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

In his post-conviction decision, Judge Jackson concluded that Public Defender Richardson provided Petitioner adequate representation at sentencing. He stated:

> Now, in terms of inadequacy of the representation by counsel. Counsel for the petitioner made a very effective argument, and I thought a very articulate argument. And he said, you know what the standard is. And, in fact, the standard is not that the defense counsel did not do everything that the defendant wanted him to do. The standard is was he so far below the standard that he was not, it was ineffective assistance. We know that from the case law that defense counsel can be wrong. Defense counsel can be less than perfect. Defense counsel can be not necessarily good as maybe some other defense counsel would be and I'm not making any findings that this defense counsel was any of those things.
>
> What I am finding is that this defense counsel was adequate. That he did, he did not necessarily do everything that Mr. Williams asked him to do but if you look at the testimony there is a conflict as to whether they really did discuss the pre-sentence adequately and whether he really did go into things that were adequate and proper for him to go into.
>
> I will note that Mr. Williams was given a copy of the pre-sentence investigation at the first sentencing proceeding. At that point Judge Sause either, I forget whether he inquired directly about it, or whether Mr. Williams volunteered it but when Judge Sause learned that Mr. Williams had received a copy that morning [and] had not had it in advance, he said we will recess this proceeding and you can sit in the courtroom and read it. And we will resume, I think, after lunch. But, any way, at a later point. Don't leave the courtroom.
>
> Whereupon, Mr. Williams took it upon himself to leave the courtroom with the pre-sentence and was gone with the pre-sentence for a matter of weeks before he ultimately was apprehended and was scheduled for re-sentencing after which he talked to the Public Defender about the pre-sentence investigation.
>
> Mr. Williams had the pre-sentence investigation in his possession for multiple weeks. So he certainly had every opportunity to know what was in it. And I think he had an adequate opportunity to go over it with his Public Defender. So, to the extent that there was less than the discussion that Mr. Williams wishes he had had with his Public Defender at this point I don't find that's because of a deficiency of the Public Defender.

Paper No. 20, Ex. 15 at 10-12.

After review of the record, the court finds that Judge Jackson's decision was reasonable under applicable Supreme Court precedent and survives scrutiny under *Strickland*. Counsel, who came into the

proceedings at the sentencing stage, actively moved for withdrawal of the guilty plea at Petitioner's request. Given Judge Sause's statements regarding Petitioner's familiarity with the criminal court process and the absurdity of Petitioner's claim that "he did not know what he was doing" during the previous proceedings, it is abundantly clear that counsel could have done nothing further to argue for withdrawal of the plea. Further, Public Defender Richardson reviewed the pre-sentence investigation report with Petitioner; Petitioner was given the opportunity to rebut any misstatements in the report; and any inaccuracies in the report were addressed before Judge Sause.

Finally, to the extent that Petitioner takes issue with Richardson's failure to: (i) present witness testimony related to his removal of the aluminum materials and his history of substance abuse treatment; (ii) investigate his substance abuse history; and (iii) argue waiver of counsel and erroneous sentence claims, the court finds that counsel's alleged inactions were neither unreasonable nor prejudicial. First, a number of these issues involve grounds that would not be properly argued at the sentencing hearing. In addition, there is no particularized showing that the presence of witnesses would have caused Judge Sause to impose a different sentence.[10]

## Legality of Sentence

### F. Trial Court Sentencing Error
### H.  Illegal Sentence

Petitioner complains that before sentencing, Judge Sause failed to determine whether Petitioner had read the pre-sentence report or had the opportunity to discuss the report with his counsel. He further

---

[10]  For reasons later discussed by the court, Petitioner's one-year consecutive sentence was not impermissibly imposed. Therefore, counsel's failure to object to the sentence was not unreasonable.

14

asserts that he was illegally sentenced to serve his consecutive one-year term on his motor vehicle offense in the Maryland DOC.

The record shows that the parties and the court possessed and reviewed the pre-sentence report prior to the imposition of the sentence. Paper No. 20, Ex. 7 at 5 & 7. Indeed, prior to sentencing Public Defender Richardson expressly informed Judge Sause that he had reviewed the report with Petitioner and Petitioner, when afforded the opportunity to speak to Judge Sause, fully discussed his criminal and substance abuse history, argued that a number of the offenses listed in the report were duplicative, and maintained that he had attempted to obtain treatment. *Id*., Ex. 7 at 7, & 9-18. The court finds no merit to this claim.

To the extent that Petitioner asserts that a Maryland judge may not sentence a defendant to the DOC for less than one year and a day under Maryland Rules, the court finds that such a claim does not constitute an infringement of a specific constitutional protection or fundamental fairness that is cognizable on federal habeas review.[11] Further, when examining the issue on post-conviction review, Judge Jackson stated the following:

> I agree with Judge Sause. That is, when a person has been given a fifteen year sentence to the Department of Corrections, and a one year consecutive sentence, it is sophistry, it's trying to find out how many angels can dance on the head of a pin for the Department of Corrections to say you can't sentence him to us for a year. It has to be a year and a day if he's going [to] come to the DOC. I think a year on the end of 15 years is more than a year and a day.
>
> So, I find that that is not, my ruling is, that is not an illegal sentence. If the ruling goes to the Court of Appeals, I'll be very interested in what the Court of Appeals has to

---

[11] Petitioner is referring to Md. Code Ann., Correctional Services, § 9-104, which provides that a judge may not sentence an individual to the jurisdiction of the DOC for 12 months or less unless: (1) the sentence is for an offense committed by an inmate in a correctional facility under the jurisdiction of the DOC; and (2) the inmate is still under the jurisdiction of the DOC.

say because I would like to learn what's right about that. That's where I think we are. I don't know.

Paper No. 20, Ex. 15 at 12-13.

The court finds no jurisdictional or substantive reason to review the ground or to overturn Judge Jackson's finding. This claim is subject to dismissal.

### G. State's Attorney Failure to Comply with Discovery Requirements

Petitioner asserts that the Assistant State's Attorney for Queen Anne's County violated due process and Maryland Rule 4-263 when he failed to comply with discovery obligations in order to obtain a strategic advantage over Petitioner.

In his post-conviction ruling, Judge Jackson found that the discovery claim was waived because Petitioner had made an intelligent and voluntary plea, which "waives those kinds of pre-trial issues."[12] Paper No. 20, Ex. 15 at 12. The claim is therefore procedurally defaulted.

As noted herein, however, the court must consider whether it should reach the merits of these defaulted claims in order to prevent a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 at 318-20. The miscarriage of justice standard is directly linked to innocence. *Id*. at 320. Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id*. at 314. The miscarriage of justice exception applies where a petitioner shows that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *See Murray v. Carrier*, 477 U.S. at 496; *Schlup*, *supra*. To meet this standard

---

[12] Insofar as Petitioner claims a violation of Maryland Rule 4-263, such an allegation fails under 28 U.S.C. § 2254(a), because it does not implicate a federal claim. Moreover, Petitioner's guilty plea voids any discovery claims.

16

a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt. *Schlup*, 513 U.S. at 327.

Petitioner has presented no evidence, nor suggested that any exists, which could satisfy the difficult standard set forth in *Schlup*. Petitioner's procedurally defaulted claim is, therefore, foreclosed from federal habeas review.

## V.  CONCLUSION

In light of the aforementioned rulings, the Petition for habeas corpus relief shall be denied. A separate Order follows dismissing the petition without a hearing.[13]


Date: __May 19, 2005__                        __/s/_____
                                                J. Frederick Motz
                                                United States District Judge

---

[13]  Petitioner filed a Renewed Request for a Hearing . Paper No. 23.  The request is primarily related to Petitioner's claim that the State's Attorney did not provide him discovery materials under Maryland Rule 4-263(A)(1).  *Id*.  In light of the rulings of the court, the request shall be denied.